UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT LEE HEARD,<br>GDC 373634, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. CV410-207 |
| B. AVANT EDENFIELD, et. al. | )<br>)<br>) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

Robert Heard,[1] a serial-filing inmate litigator since 1990,[2] is back. Doc. 1. Currently incarcerated at Johnson State Prison in Wrightville,

---

[1] A career criminal, see attach. 1 (Georgia Department of Corrections (GDOC) print-out), Heard originally filed this case by listing himself as "Robert Heard" in the plaintiff's portion of the above caption. Doc. 1 at 1. But he has also been known as "Robert Heard, Jr.," "Robert Lee Heard," and "Robert Lee Heard, Jr." Attach. 1 at 2. Complicating matters further, GDOC online records reveal that nine different "Robert Heards" have passed through the Georgia prison system, including two named "Robert L. Heard," two named "Robert Lee Heard," one named "Robert J. Heard," and two named, simply, "Robert Heard." See attach. 2; see also Heard, CV603-002, doc. 3 at 2 n. 7 (noting a then-fellow-inmate, "Robert J. Heard," had filed "at least 18 total cases" in all three of the Georgia federal districts). And there is at least one case, Heard v. Pinda, CV106-020, in which the instant Robert Lee Heard paid the Court's filing fee. See id. doc. 21 at 1, 2009 WL 2971675 at * 1 (S.D. Ga. Sept. 16, 2009). The Clerk has ascertained that all electronically accessible Heard cases in this District originate from this Robert Lee Heard. Attach. 3. To eliminate confusion, the Court

Georgia, Heard has filed yet another 42 U.S.C. § 1983 case coupled with a motion to proceed in forma pauperis ("IFP"). Docs. 1 & 2. His complaint is a mash-up of many prior cases, which he cites, interwoven with generic references to constitutional rights (due process, access to courts, etc.) alleged to have been trampled by various judges' application of 28 U.S.C. § 1915(g)[3] to bar Heard's lawsuits absent his payment of the Court's filing fee. Doc. 1 at 6-14. Heard thus names as defendants the district and magistrate judges involved in his cases, alleging that they are liable to him

---

has amended the caption of this case to reflect *this* Robert Heard's full name ("Robert Lee Heard") *and* his inmate number: GDC 373634. All subsequent filings *and cases* shall conform (hence, Heard is **DIRECTED** to so style any filing with this Court in any case).

[2] *Heard v. Wetherington*, CV603-002, doc. 3 at 2 n. 7 (S.D. Ga. Feb. 13, 2003) (recounting, as of 2003, "at least 43 filings" in the three federal districts in Georgia).

[3] Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under *imminent danger* of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

2

for violating such rights and, merely by ruling against him, "aiding" various prison officials in harming him. *See, e.g., id.* at 10, 11, 15.[4]

Plaintiff is not only barred from proceeding IFP under § 1915(g)'s "three strikes" provision, but he was "plus-barred" in 2003.[5] *Heard v. Wetherington,* doc. 3 at 5-6 (Report and Recommendation (R&R) recounting "seventeen (17) Heard filings since 1990" and advising that the Clerk return unfiled all papers Heard transmits, subject to narrow exceptions, until he paid off his accrued filing fee debt to the Clerk). While that injunction is no longer valid, *Heard v. Donald,* 310 F. App'x 348 (11th Cir. 2009) (applying *Miller v. Donald,* 541 F.3d 1096, 1099 (11th Cir. 2008) to vacate it because this Court failed to first make a § 1915(g),

---

[4] E.g.:

> If it please the court, I would like to make it known, that I have suffered needlessly for 10 years. With death on the brink everyday. Would you like to live like that? I was not sentenced to that. Plus every place it happens the same people show up. [Georgia Attorney General Thurbert] Baker, [Magistrate Judge James E.] Graham, [U.S. District Judge B. Avant] Edenfield, [Magistrate Judge Leon] Barfield, [U.S. District Judge Charles A.] Moye, [GDOC employee Johnny] Sikes, [and GDOC Warden Hilton] Hall. But now they have enlisted the rest of the defendants. *But it's over*, I ain't taking it no more. This court, 11th Circuit, Supreme Court. Back again, don't matter, it's over."

Doc. 1 at 13.

[5] For a history of the "plus-barred" mechanism, *see Skillern v. Edenfield,* 2009 WL 3756946 at * 1 n. 1 (S.D. Ga. Oct 20, 2009).

3

imminent–harm determination), a post-*Miller* injunction adapted from *Smith v. Florida Dep't of Corr.*, 2010 WL 774305 (11th Cir. Mar. 9, 2010), and applied in *Harris v. St. Lawrence*, CV410-047, doc. 6 (S.D. Ga. June 9, 2010), fits this case now. That means that this, Heard's latest case[6] -- which does not even bother to allege imminent harm other than in a cosmic sense -- should be dismissed without prejudice, and he should be similarly enjoined.

*In Smith,* a 1915(g) three-striker appealed "the district court's injunctive order prohibiting him from filing any new petitions in forma pauperis," 2010 WL 774305 at * 1, contending that it violated his due process rights. *Id.* Upholding that injunction, the Eleventh Circuit noted that

> the district court did not totally prohibit him from filing future complaints or petitions. Unlike [*Miller v. Donald*, 541 F.3d 1091, 1096, 1099 (11th Cir. 2008)], where we held that a particular " § 1915(g)-plus" injunction was an abuse of discretion, the scope of

---

[6] Heard's "paper-war" is unrelenting. While confined in a prison in the Middle District of Georgia, he filed *Heard v. Owens*, 2010 WL 554437 at * 1 (M.D. Ga. Feb. 9, 2010) (§ 1983 medical care claim; one defendant dismissed for lack of liability allegations); *Heard v. Allen*, CV109-119, doc. 49 (M.D. Ga. Aug. 12, 2010) (R&R advising dismissal of § 1983 medical-care case on non-exhaustion grounds); and *Heard v. Terry*, CV510-292 doc. 5 (M.D. Ga. Aug. 27, 2010) (dismissing case as § 1915(g)-barred); *see also* CV410-207 (this case) doc. 1 at 9-11 (Heard himself recounting his multi-district litigation).

the injunction in this case matches the scope of the PLRA. The injunction only prohibits Smith from filing IFP petitions in civil cases that are litigated in federal court. It does not affect filings where Smith pays the appropriate fee, criminal cases, or litigation in state courts. The district court quoted § 1915 in full--including its exception for cases where the prisoner is in danger of serious physical injury--and did not add any sanction beyond what the statute specifically permits. The district court's injunction was not an abuse of discretion.

2010 WL 774305 at * 3. That same injunction should be applied here. Thus, if Heard files another civil case, he should either pay the Court's $350 filing fee or make some *believable* showing that the constitutional violation alleged has, at the time he files his complaint, placed him in imminent danger of *physical* harm.[7] Otherwise, he would be subject to contempt for violating this Court's injunction, prohibiting him from

---

[7] *See Skillern v. Jackson*, 2010 WL 1737637 at * 2 (S.D. Ga. Mar. 29, 2010) (rejecting § 1915(g)-barred inmate's "imminent danger" claim "that 'doctors prognosticate' that he will have another heart attack due to the stress Defendants' 'illicit conduct causes[,'] . . . [and that] . . . being denied access to the courts is 'inarguably stressful.'"), *adopted*, 2010 WL 1737608 (S.D. Ga. Apr 29, 2010).

To curtail the "sick joy" some serial filers evidently get by relentlessly filing § 1983 cases premised on bogus "imminent harm" claims, the Court can undertake paperless, "read-and-deny" review. *See Grant v. Dane County Jail*, 2010 WL 56020 at * 2 (W.D. Wis. Jan. 6, 2010) ("However, as a means of avoiding additional waste of court resources responding to frivolous complaints containing only the magic words 'imminent danger' rather than allegations passing muster under § 1915(g), any further complaints alleging imminent danger filed by plaintiff will be deemed dismissed after 30 days unless the court orders otherwise.").

5

filing IFP petitions in any federal civil case that does not rest on true, objectively verifiable, § 1915(g) "imminent harm" allegations. He remains free to make filings in any federal case where he pays the appropriate filing fee, or in any criminal or state court case.

In order to properly execute this order, the Clerk should be **DIRECTED** to create a miscellaneous civil case, *In re Heard*, placing this R&R, if adopted, as the first filing in that case. All future Heard § 1983 complaints should then be initially entered as filings in that case. The undersigned will then (paperlessly, if warranted) examine each new complaint to determine whether this standing order has been violated; if so, properly tailored contempt sanctions will be recommended. Otherwise, the undersigned will direct the Clerk to file the complaint in its own case.

Finally, the Clerk shall send a copy of this R&R to the judges presiding in the Middle District cases cited in note 6 *supra*.

**SO REPORTED AND RECOMMENDED** this  20th  day of September, 2010.

/s/ JMSmitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA